UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

BAYLISSA HARPER,                                    Case No.: 05-16722

      Debtor.

DIANE HURST,

      Plaintiff,

v.                                                          Adv. No.: 06-1052

BAYLISSA HARPER,

      Defendant.

## ORDER DENYING BAYLISSA HARPER'S
## MOTION FOR SUMMARY JUDGMENT

Suzanne Paul & C. Michael Smith, Attorneys for Debtor
Marion E. Wynne, Attorney for Diane Hurst

This matter came before the court on Baylissa Harper's motion for summary judgment. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and the Court has authority to enter a final order. For the reasons indicated below, the court is denying Baylissa Harper's motion for summary judgment.

### FACTS

On July 4, 2003, Diane Hurst attended a party hosted by the debtor, Baylissa Harper, and the debtor's husband. Throughout the course of the party, alcoholic beverages were served. The

1

summary judgment evidence contains conflicting reports as to the extent of alcoholic beverages consumed by the debtor, but the evidence does establish that the debtor did have some drinks at the party. Later on that evening, Ms. Hurst rode in a golf cart driven by the debtor to go across a private open field towards a beach to watch the annual Fourth of July fireworks. While driving, the debtor struck a tree stump with the golf cart, causing Ms. Hurst to strike a support pole and sustain injuries to her face and eyes. Ms. Hurst filed a complaint against the debtor in Alabama state court for wantonness and negligence on July 15, 2004. On October 14, 2005, the debtor filed a Chapter 7 voluntary petition, seeking to discharge, among other debts, any debt owed to Ms. Hurst on account of the golf cart accident. Ms. Hurst, however, seeks an exception to discharge pursuant to 11 U.S.C. § 523(a)(9).

## LAW

The debtor's motion for summary judgment raises five issues. The first issue involves whether or not a golf cart is a "motor vehicle" under 11 U.S.C. § 523(a)(9), which provides an exception to discharge of any debt "for death or personal injury caused by the debtor's operation of a motor vehicle … if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance…." The second issue is whether or not a driving under the influence violation may be committed on private property in Alabama and thus provide the "unlawful" operation of a motor vehicle required by § 523(a)(9). The third issue is whether judicial estoppel bars Ms. Hurst's present claim against the debtor due to a pending lawsuit in state court. The fourth and fifth issues involve whether or not the debtor was intoxicated at the time of the injury and whether the debtor's actions proximately caused Ms. Hurst's injuries. This

2

Case 06-01052    Doc 15    Filed 08/22/06    Entered 08/22/06 10:17:15    Desc Main
Document      Page 2 of 10

opinion discusses the first three issues; the final two issues are purely state law issues, and the Court abstains from deciding them.

Motions for summary judgment are controlled by Rule 56 of the Federal Rules of Civil Procedure, which has been adopted in Rule 7056 of the Federal Rules of Bankruptcy Procedure. A court shall grant summary judgment to a party when the movant shows that "there is no genuine issue as to any material fact and … the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "In assessing whether the movant has met this burden, the courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion." *Clemons v. Dougherty County*, 684 F.2d 1365, 1368 (11th Cir. 1982). "All reasonable doubts about the facts should be resolved in favor of the non-movant." *Clemons*, 684 F.2d at 1369. A judge's function is not to determine the truth of the matter asserted or the weight of the evidence presented; instead, a judge's function is to determine whether or not the factual disputes raise genuine issues for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." *Clemons*, 684 F.2d at 1369.

A.

The first issue in this case is whether or not a golf cart is a "motor vehicle" under 11 U.S.C. § 523(a)(9), which provides an exception to discharge of any debt "for death or personal injury caused by the debtor's operation of a motor vehicle … if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance…." The debtor, in her motion for summary judgment, supports her contention that a golf cart should not be considered a "motor vehicle" under 11 U.S.C. § 523(a)(9) by referring the Court to a Fifth

3

Circuit decision. *See Boyce v. Greenway (In re Greenway)*, 71 F.3d 1177 (5th Cir. 1996). In that case, the Fifth Circuit held a motorboat was not included in the definition of "motor vehicle." *Id.* at 1180. In rejecting a more restrictive interpretation of "motor vehicle," the Fifth Circuit, in a footnote, cautioned that a "technical definition of the term 'motor vehicle' would result in including within the statute motorized wheelchairs, golf carts, riding lawn mowers, and perhaps even certain children's toys." *Id.* at 1180 n.7. In reaching the above conclusions, the Fifth Circuit relied on the plain meaning rule, which advises that "where the statutory language is plain, 'the sole function of the court is to enforce it according to its terms.'" *Id.* at 1180, *quoting U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989).

The plain meaning rule does not warrant as strict a definition of "motor vehicle" as the Fifth Circuit requires. For instance, the dictionary definition of a "golf cart" is "a motorized cart for carrying a golfer and his equipment over a golf course." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 526 (1990). The dictionary definition of a "motor vehicle" is "an automotive vehicle not operated on rails [, especially] one with rubber tires for use on highways." *Id.* at 775. Moreover, "automotive" is defined as "of, relating to, or concerned with self-propelled vehicles or machines", and "vehicle" is defined as "a means of carrying or transporting something." *Id.* at 118 & 1307. Therefore, since a golf cart is defined as "motorized", it meets the definition of "automotive" as a "self-propelled vehicle[] or machine[]". Also, since a "golf cart" is defined as a cart used to carry "a golfer and his equipment", it meets the definition of "vehicle" as "a means of carrying or transporting something." Therefore, under the plain meaning rule, a "golf cart" is obviously an "automotive vehicle"; and since a "motor vehicle" is

4

defined as an "automotive vehicle", a golf cart would logically have to be considered a "motor vehicle".

The Fifth Circuit appeared to find the inclusion of "[especially] for use on highways" in the definition of "motor vehicles" as determinative of their implied rejection of golf carts being included. *In re Greenway*, 71 F.3d at 1181. However, even Congress does not appear to find the "highway" nexus as commonplace in the definition of a "motor vehicle". For instance, the misplaced "hanging paragraph" in 11 U.S.C. § 1325(a)(9)[1] restricts the definition of "motor vehicle", as used in that section, to the definition provided in 49 U.S.C. § 30102. That section defines a "motor vehicle" as "a vehicle driven or drawn by mechanical power and manufactured primarily for use on public streets, roads, and highways…." 49 U.S.C. § 30102(a)(6). If the "highway" nexus is commonplace in the definition of a "motor vehicle", as the Fifth Circuit appeared to assume, then why did Congress find it necessary to limit the definition of "motor vehicle" in 49 U.S.C. § 30102(a)(6) to those vehicles manufactured primarily for use on highways? Moreover, if the "highway" nexus is necessary, why did Congress include a "tractor or lawn tractor" in clarifying what is a motor vehicle in 11 U.S.C. § 522(f)(4)(B)(v)?[2] Obviously tractors and lawn tractors are not manufactured primarily for use on highways; thus, it appears to this Court that Congress did not intend to limit the definition of "motor vehicle" in 11 U.S.C. § 523(a)(9) to only those vehicles that operate primarily on highways. Instead, the plain meaning rule, as well as the above cited provisions, lead the Court to the conclusion that "[a]lthough it is

---

[1] "The BAPCPA added subparagraphs (7), (8), and (9) to § 1325(a), and followed them with the unnumbered **Hanging Paragraph** that deals with an entirely different subject than subparagraph (9) and so is clearly not intended to part of it." *In re Lewis*, No. 06-20027-13, 2006 Bankr. LEXIS 1628, at *8 n.9 (Bankr. D. Kan. Aug. 3, 2006).
[2] 11 U.S.C. § 522(f)(4)(B)(v) excludes from the definition of "household goods" things such as "a … motor vehicle (including a tractor or lawn tractor)…."

5

most probable that a motor vehicle being operated on private property would be moving at a slower speed than one being operated upon the public street or highway, common sense tells us that in all other respects such vehicle while in motion is equally dangerous to persons and property no matter where it is operated…." *Meister v. Fisher*, 462 So. 2d 1071, 1073 (Fla. 1984) *quoting Reid v. Associated Eng'g of Osceola, Inc.*, 295 So. 2d 125, 129 (Fla. 4th Dist. Ct. App. 1974). Consequently, to make liability "in the operation of such vehicle depend upon whether the vehicle is on or off of the public highway simply leads to absurd results." *Id*. Therefore, the Court finds that a golf cart is included within the term "motor vehicle" in 11 U.S.C. § 523(a)(9). The debtor's motion for summary judgment on this ground is denied.

B.

The second issue in this case is whether an individual may be arrested and charged with a driving under the influence violation (DUI) in Alabama for driving a motor vehicle on private property. This issue is important to Ms. Hurst's § 523(a)(9) claim because of its requirement of "unlawful" operation of a motor vehicle due to intoxication. Since the accident occurred in Alabama, Alabama state law regarding DUI applies. *See In re Tuzzolino*, 70 B.R. 373, 377 (Bankr. N.D.N.Y. 1987) *quoting Dougherty v. Brackett*, 51 B.R. 987, 989 (Bankr. D. Colo. 1985). The debtor attempts to argue that since all the DUI cases her attorney has reviewed involved roadways or paved surfaces, the statute cannot possibly apply to private property. For the following reasons, the Court does not believe the Alabama statute is so limited. "In the absence of an opinion from the state's highest tribunal, we must don the soothsayer's garb and predict how that court would rule if it were presented with the question." *Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co.*, 267 F.3d 340, 349 (3d Cir. 2001). Alabama's DUI

6

statute applies "upon highways and elsewhere throughout the state." *See* ALA. CODE § 32-5A-2 (1975); ALA. CODE § 32-5A-191 (1975). The Court of Criminal Appeals of Alabama has noted, in dicta, that the above described offense of "DUI may be committed on private property." *Lunceford v. City of Northport*, 555 So. 2d 246, 247 (Ala. Crim. App. 1988). Since an Alabama criminal appeals court is in a better position to interpret state laws than is this Court, and since it interpreted the Alabama DUI statute to apply on private property, the Court believes it is more likely than not that Alabama's highest tribunal would find that the DUI statute applies on private property. The debtor's motion for summary judgment on this ground is denied.

C.

The third issue in this case is whether Ms. Hurst should be judicially estopped from asserting her present claim. The debtor argues that Ms. Hurst should be judicially estopped from seeking an exception to discharge under 11 U.S.C. § 523(a)(9) because in state court Ms. Hurst sued the debtor for negligence and wantonness while driving the golf cart, yet now seeks to argue in this Court that the debtor was driving drunk. "Judicial estoppel is an equitable doctrine invoked at the court's discretion." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002). The Eleventh Circuit has developed two factors to determine whether, in the court's discretion, judicial estoppel is applicable based on the facts of a particular case. *Id*. "'First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system.'" *Id*. In regard to the second factor, the Eleventh Circuit has considered the intent of the individual sought to be judicially estopped. *Id*. at 1286. Intent may be inferred from the record. *Id*. at 1287-88.

7

In this case, the debtor is correct that Ms. Hurst filed a pleading in state court charging the debtor with negligence and wantonness. However, both the Federal and Alabama[3] Rules of Civil Procedure provide that a pleading need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a); Ala. R. Civ. P. (8)(a). These are liberal rules allowing the courts to construe them "as to do substantial justice." Fed. R. Civ. P. 8(f); Ala. R. Civ. P. 8(f). The fact that Ms. Hurst pled negligence and wantonness in state court does not preclude her from presenting a claim of drunk driving in this Court. Drunk driving could prove Ms. Hurst's claim of negligence or wantonness; therefore, the liberal Federal and Alabama pleading rules do not warrant a finding of judicial estoppel against Ms. Hurst.

The debtor is also correct that Ms. Hurst did say in a state court deposition that when she got into the golf cart with the debtor, the debtor looked fine and appeared to be in possession of her faculties. In the Court's opinion, this does not preclude the present claim on judicial estoppel grounds because, although made under oath in a prior proceeding, the intent derived from the record does not convince the Court that Ms. Hurst is deliberately "calculat[ing] to make a mockery of the judicial system.'" *Burnes*, 291 F.3d at 1285. The record does not show Ms. Hurst unequivocally proclaiming that the debtor was not drunk. Instead, the record shows Ms. Hurst saying that the debtor looked like she was fine, was speaking okay, and looked like she was in possession of her faculties. Although this may, at first, appear to be an unequivocal admission that the debtor was not drunk, the state court deposition also shows that Ms. Hurst, when asked whether or not she saw the debtor turn on any lights on the golf cart, answered that she was not paying any attention. This evidence could potentially prove that Ms. Hurst was not paying

---

[3] Alabama is where Diane Hurst filed her claim of negligence and wantonness against the debtor.

attention to the debtor's alleged state of intoxication or lack thereof. Also, the summary judgment evidence includes the affidavit of a guest at the party who swears under oath that the debtor was intoxicated when she was driving the golf cart. The summary judgment evidence also includes the debtor's deposition testimony that she had a drink before she got into the golf cart with Ms. Hurst. Due to the evidence in the record that could tend to prove that the debtor was drunk while driving the golf cart, the Court believes that judicial estoppel is not warranted against Ms. Hurst. The debtor's motion for summary judgment on this ground is denied.

### D.

The debtor raises two other issues in her motion for summary judgment: whether or not she was intoxicated at the time of the injury and whether her actions proximately caused Ms. Hurst's injuries. On February, 10, 2006, this Court granted plaintiff relief from the automatic stay in order to allow her to proceed in state court with her suit against the debtor. A state court suit is currently pending in Baldwin County Circuit Court between the parties. These issues are centrally at issue in the case. The Court concludes that it is appropriate to abstain from deciding these issues. Abstention is governed by 28 U.S.C. § 1334(c)(1) & (2), which provides that a court may abstain from hearing state law claims or state law causes of action based upon many factors. "Where a cause of action for monetary damages based primarily on state law can be litigated in state court without substantial delay and disruption to the orderly administration of the estate, the best forum for resolution of that action is state court…." *In re Republic Reader's Serv., Inc.*, 81 B.R. 422, 426 (Bankr. S.D. Tex. 1986). The Court believes that the resolution of these purely state issues in state court will not impede the orderly administration of the bankruptcy estate. Therefore, this Court will decide only the issues that are clearly tied to

9

interpretation of 11 U.S.C. § 523(a)(9) and federal law. The issues involving intoxication and proximate cause will be left for a state court jury.

THEREFORE IT IS ORDERED AND ADJUDGED:

1) The motion of Baylissa Harper for summary judgment pursuant to 11 U.S.C. § 523(a)(9) is DENIED.

2) The motion of Baylissa Harper for summary judgment as to the commission of DUI on private property in Alabama is DENIED.

3) The motion of Baylissa Harper for summary judgment as to judicial estoppel is DENIED.

4) The Court abstains from hearing, and leaves to a state court jury to decide, the issues raised in Baylissa Harper's motion for summary judgment concerning the debtor's intoxication and the proximate cause of Diane Hurst's injuries.

Dated:   August 22, 2006

_____
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE